# EXHIBIT 4



**DISTRICT OF COLUMBIA**
# BOARD OF ELECTIONS
**WASHINGTON, D.C. 20003-4733**



September 4, 2025

Harmeet K. Dhillon, Esq.
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

### Re: Request for Complete District of Columbia Voter Registration List

Dear Assistant Attorney General Dhillon:

We write in response to your letter dated August 14, 2025, requesting that the District of Columbia Board of Elections ("BOE" or "Board") provide an electronic copy of the District's complete voter registration list ("VRL"), including registrants' dates of birth, driver's license numbers, and Social Security numbers.

After careful review, and in consultation with the Office of the Attorney General for the District of Columbia ("OAG") and the District of Columbia Office of Open Government ("OOG"), we must respectfully decline to provide unredacted personally identifiable information ("PII") as we are not legally authorized to do so.

### I. The Federal Statutes Cited Do Not Require Disclosure of PII

The Department of Justice ("DOJ") cites provisions of the Help America Vote Act of 2002 ("HAVA"), the National Voter Registration Act of 1993 ("NVRA"), and the Civil Rights Act of 1960 ("CRA") as authority for this request. Upon review, none of these statutory provisions authorize the Board to provide an unredacted VRL to the DOJ.

HAVA § 303(a)(5)(A)(i) requires applicants to provide identifying information in order to register, but it does not authorize the DOJ to demand disclosure of such data outside of an enforcement action.

NVRA § 8(i)(1) requires jurisdictions to make certain list-maintenance records available, but courts have consistently held that sensitive data contained within those records may be redacted.

CRA §§ 301–303 require election officials to retain registration records for inspection at the custodian's office, but they do not obligate either the transmission of an electronic VRL to the DOJ or the disclosure of PII that is unrelated to enforcement actions under the CRA that is intended to protect citizens' voting rights. (It is important to note here that enforcement of voting rights, not list maintenance, is the purpose of the inspection

provisions of the CRA. To the extent that you have indicated that the purpose of the demand is to ascertain the Board's compliance with HAVA and the NVRA, that objective is outside of the CRA's narrow role of enabling the DOJ to investigate alleged violations of constitutional voting rights.)

Accordingly, no cited federal statute mandates disclosure of the requested PII.

## II. District of Columbia Law Authorizes the Withholding of the PII Sought

Under D.C. FOIA Exemption 2 (D.C. Code § 2–534(a)(2)), agencies may withhold "[i]nformation of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy." Voter PII—such as dates of birth, driver's license numbers, and Social Security numbers—falls squarely within this exemption.

## III. Federal Preemption Does Not Apply

The cited statutes contain no language that preempts D.C.'s nondisclosure protections. Withholding PII under D.C. law does not conflict with congressional objectives, nor does it impede the DOJ's enforcement authority. The DOJ may evaluate compliance with HAVA and NVRA without access to unredacted voter data.

## IV. Conclusion

The Board is happy to provide records consistent with federal and District law, including redacted voter registration data that ensures both transparency and the protection of voters' privacy. However, the Board is not authorized to provide an unredacted VRL containing PII to the DOJ absent a clear federal mandate or court order.

We respectfully trust that this clarifies the Board's position. We are happy to discuss this matter with you further should you have any questions or concerns.

Sincerely,

*Monica H. Evans*

Monica H. Evans
Executive Director

Case 1:25-cv-04403    Document 2-6    Filed 12/18/25    Page 4 of 4