HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

BRITTANY E. BENNETT
MEGAN FREDERICK
Trial Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4CON – Room 8.141
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member,<br><br>Defendants. | **COMPLAINT**<br><br>Case No:1:25-cv-04403 |

**<u>COMPLAINT</u>**

1

**INTRODUCTION**

1.      Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2.      Title III likewise grants the Attorney General the sweeping power to obtain these records:  "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3.      If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4.      In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction,

and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).  The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## I.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.

## II.    PARTIES

7.    Plaintiff is the Attorney General of the United States.  The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C.  § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8.    Defendant District of Columbia Board of Elections ("DCBOE") is responsible for the administration of elections D.C. Code §1-1001.07 *et seq.*

9.    Defendant Monica H. Evans ("Director Evans") is the Executive Director of the Dcboe. Director Evans is sued in her official capacity only as chief election official. *See* D.C. Code §1-1001.07(12)(A).

10.    Defendant Gary Thompson is the Chair of the DCBOE. Defendant Thompson is sued in his official capacity only.

3

11.     Defendant Karyn Greenfield is a Member of the DCBOE. Defendant Greenfield is sued in her official capacity only.

12.     All Defendants are sued in their official capacities as election officials responsible for coordinating District of Columbia's responsibilities under the NVRA. *See* 52 U.S.C. § 20509.

## **BACKGROUND**

13.     This proceeding arises from the Attorney General's investigation into District of Columbia's compliance with federal election law, particularly the NVRA and HAVA.

14.     Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

### **The National Voter Registration Act**

15.     The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State [District] responsibilities" under the NVRA. 52 U.S.C. § 20509. The NVRA includes as a definition that the term "'State' means a State of the United States and the District of Columbia." 52 U.S.C. § 20502(4).

16.     The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

17.     The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### **The Help America Vote Act**

18.     HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and

registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

19.    HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid Drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

<div align="center">

**The Civil Rights Act**

</div>

20.    Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

21.    Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq.*

22.    Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703.

**FACTUAL ALLEGATIONS**

23.     On July 11, 2025, the Attorney General contacted  Defendants seeking information regarding the District of Columbia's compliance with federal election law. *See* Letter from Attorney General to Defendants ("July 11 Contact").

24.     On August 6, 2025, the Attorney General received a letter containing selective and incomplete data from Defendants. Defendants refused to provide the full Voter Registration List as requested. ("August 6 Contact").

25.     On August 14, 2025, the Attorney General sent a letter renewing the July 11 request with a demand for a copy of District of Columbia's district wide voter registration list ("VRL") within seven days of the date of the letter (the "August 14  Letter"). The August 14 Letter also requested that the District of Columbia's response contain "all fields," required under Section 303 of HAVA.

26.     The Attorney General's August 14 Letter asked Defendants to produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

27.     In the  August 14 Letter, the Attorney General specified that:

"Given responses from other states thus far, we want to clarify that the Justice Department's request to provide an electronic copy of the statewide VRL should contain all fields, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA") to register individuals for federal elections. See 52 U.S.C. § 21083(a)(5)(A)(i)."

*See* August 14 Letter.

28. The August 14 Letter explained to Defendants that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition,

any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

29.    On September 4, 2025, Defendants sent a letter ("September 4 Letter") refusing to provide District of Columbia's VRL, stating:

> "Under D.C. FOIA Exemption 2 (D.C. Code § 2–534(a)(2)), agencies may withhold '[i]nformation of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy.' Voter PII—such as dates of birth, driver's license numbers, and Social Security numbers—falls squarely within this exemption."

*See* September 4 Letter.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

30.    On August 14, 2025, the Attorney General sent a written demand to Defendants for the production of specific election records pursuant to 52 U.S.C. § 20703.

31.    The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

32.    On September 4, 2025, Defendants refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A.  Declare that Defendants refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B.  Order Defendants to provide to the Attorney General the current electronic copy of D.C.'s computerized voter registration list, with all fields, including each registrant's

7

full name, date of birth, residential address, and either their driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.


DATED: December 18, 2025                Respectfully submitted,

                                        HARMEET K. DHILLON
                                        Assistant Attorney General
                                        Civil Rights Division


                                        /s/  Brittany E. Bennett
                                        Brittany E. Bennett
                                        Megan Frederick
                                        Trial Attorneys, Voting Section
                                        Civil Rights Division
                                        U.S. Department of Justice
                                        4 Constitution Square
                                        150 M Street NE, Room 8.141
                                        Washington, D.C. 20002
                                        Telephone: (202) 704-5430
                                        Email: brittany.bennett@usdoj.gov

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 18, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

<div style="margin-left: 50%;">

*/s/ Brittany E. Bennett*
Brittany E. Bennett
Megan Frederick
Trial Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov

</div>