# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member,<br><br>　　　　　　　Defendants. | Civil Action No. 25-cv-4403 (RDM) |

**MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS'**
**PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT**

Proposed Intervenor-Defendant Maryland/DC Alliance for Retired Americans answers Plaintiff's Complaint as follows:

### INTRODUCTION[1]

1.　　　Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute and opinion cited contain the quoted text and states that the statute and opinion

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid the comparison between the Plaintiff's Complaint and the Proposed Intervenor's Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenor.

speak for themselves. Proposed Intervenor otherwise denies the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text and states that the statute speaks for itself. Proposed Intervenor otherwise denies the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinion cited contains the quoted text and states that the opinion speaks for itself. Proposed Intervenor otherwise denies the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinions cited contain the quoted text and states that the opinions speak for themselves. Proposed Intervenor otherwise denies the allegations.

## I. JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this action arises under federal law and that it is brought by the United States as a Plaintiff.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendants are located in and conduct election administration activities in D.C.

## II. PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this case is brought by the United States as a Plaintiff and that the Attorney General has certain

enforcement authorities under the CRA, the NVRA, and HAVA.

8. Proposed Intervenor admits the allegations in Paragraph 8.

9. Proposed Intervenor admits the allegations in Paragraph 9.

10. Proposed Intervenor admits the allegations in Paragraph 10.

11. Proposed Intervenor admits the allegations in Paragraph 11.

12. Proposed Intervenor admits the allegations in Paragraph 12.

## BACKGROUND

13. Proposed Intervenor denies the allegations in Paragraph 13.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenors otherwise deny the allegations.

## The National Voter Registration Act

15. Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Help America Vote Act

18. Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Civil Rights Act

20. Paragraph 20 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA grants the Attorney General certain authority to request some records.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### FACTUAL ALLEGATIONS

23. Proposed Intervenor admits that the Deputy Assistant Attorney General for Civil Rights sent a letter to Defendants on July 11, 2025, and that the letter referred to compliance with federal election law. Proposed Intervenor otherwise denies the allegations.

24. Proposed Intervenor admits that Defendants responded on August 6, 2025, attaching a voter registration list that was not fully unredacted. Proposed Intervenor otherwise

4

denies the allegations.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. Proposed Intervenor admits that the Assistant Attorney General sent a letter on August 14, 2025, that requested all fields of D.C. voter registration list.

26. Proposed Intervenor admits the allegations in Paragraph 26.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that on August 14, 2025, Harmeet K. Dhillon sent a letter to Defendants. Proposed Intervenor admits that the letter contained some, but not all, of the quoted language. That letter speaks for itself.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the August 14 Letter contained the quoted language. That letter speaks for itself. Proposed Intervenor otherwise denies the allegations.

29. Proposed Intervenor admits that Defendants sent a letter on September 4, 2025, and that in the letter, Defendants did not agree to provide all the requested information. The letter otherwise speaks for itself.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

30. Paragraph 30 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that a document which Plaintiff purports was a demand for election records was sent to Defendants on August 14, 2025. Proposed Intervenor otherwise denies the allegations.

31. Paragraph 31 contains legal contentions, characterizations, conclusions, or opinions

to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations in Paragraph 31.

32. Paragraph 32 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendants declined to provide some of the records requested by Plaintiff.

Immediately following Paragraph 32, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Proposed Intervenor denies that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor prays for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Defendants and Proposed Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 21, 2025

Respectfully submitted,

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin Kowalewski* (NY 5946645)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

\**Pro hac vice* application forthcoming

*Counsel for Proposed Intervenor-Defendant the Maryland/DC Alliance for Retired Americans*

## CERTIFICATE OF SERVICE

I hereby certify that this document will be served on the Defendant in accordance with Federal Rule of Civil Procedure 5(a).

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri

7