**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

               Plaintiff,

       v.

MONICA H. EVANS, *et al.*,

               Defendants.

Case No. 1:25-cv-04403-RDM

**SECOND DECLARATION OF ERIC NEFF**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1.      I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States' Motion to Compel the production of election records pursuant to the Civil Rights Act ("CRA"), codified at 52 U.S.C. § 20701, *et seq.*

2.      The National Voter Registration Act, 52 U.S.C. § 20501, *et seq.*, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq.*, require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52

U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3.      Section 8(i) of the NVRA requires states to make available "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

4.      HAVA requires that "an application for voter registration for an election for Federal office may not be accepted or processed by a State unless the application includes" the applicant's driver's license number, or if that is unavailable, the last four digits of the Social Security number. 52 U.S.C. § 21083(a)(5)(A)(i). That information is necessary to identify duplicate registration records, registrants who have moved, registrants who have died, and those who are not eligible to vote in federal elections.

5.      To ascertain whether a jurisdiction engages in practices that violate federal law (whether HAVA, the NVRA, the Voting Rights Act or any other one), the Attorney General needs to examine both applications to register to vote and the final voting rolls, including the unredacted electronic statewide voter registration list ("SVRL"), so as to assure herself that the applications are being properly processed and that reasonable and nondiscriminatory list maintenance efforts have been practiced.

6.      When the Civil Rights Division performs this individualized assessment, the District's SVRL is compartmentalized and maintained by the Civil Rights Division separately from the SVRL of any other State. The maintenance, use, and destruction of those records is in full compliance with the requirements in the CRA, Privacy Act, and all other federal laws governing the records.  An Initial Privacy Assessment (IPA) Determination was issued on October 12, 2012, showing that no Privacy Impact Assessment is required for the Justice Consolidated

2

Office Network (JCON) system where personal identifying information associated with the United States' CRA demand is stored.

7. The Department of Justice uses a secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). That system implements strict access controls to ensure that each user can only access their own files and is also covered by SORNs.

8. Recent enforcement efforts by the Attorney General demonstrate the need for federal scrutiny, as Congress contemplated in authorizing the Attorney General to bring enforcement actions under HAVA and the NVRA.

9. In 2025, North Carolina election officials admitted that the state "maintained and used a HAVA List that includes records that do not comply with the requirements for Federal elections under Section 303(a)(5)." *United States v. N. Carolina Bd. of Elections*, Consent J. & Order at 4 (E.D.N.C. Sept. 8, 2025). Specifically, the State's HAVA List included over one hundred thousand active voter records that were missing one of the identification numbers required by HAVA: the registrant's driver's license number, the last four numbers of the registrant's social security number, or a unique identifying number if the registrant had neither a driver's license nor a social security number. A true and accurate copy of the North Carolina Consent Judgment and Order is attached as Exhibit 6.

10. As a result of the Attorney General's enforcement action, North Carolina has reduced the number of voter records missing an identification number under HAVA from 103,329 to 70,709. *See N. Carolina Bd. of Elections*, Defs.' 2d Status R. at 2 (E.D.N.C. Jan. 30, 2026). A true and accurate copy of the Second Status Report from the *North Carolina* litigation is attached as Exhibit 7.

11.     The United States previously has pursued successful matters, including in litigation, to obtain statewide voter registration lists under Title III of the CRA.

12.     For example, in two of those CRA matters against Georgia and Texas, the United States obtained the SVRLs, including drivers' license numbers and last four digits of the registrant's social security number, to evaluate compliance with the NVRA, including that Act's list maintenance requirements.

13.     The Texas matter was resolved by a Memorandum of Understanding ("MOU") dated May 13, 2008, which required Texas to produce its SVRL to the United States. A true and accurate copy of the Texas MOU is attached as Exhibit 8.

14.     A true and accurate copy of the Complaint filed in *United States v. Georgia*, Case No. 1:06-cv-02442-CC (N.D. Ga. filed Oct. 12, 2006), is attached as Exhibit 9.

15.     On October 27, 2006, the Court entered a Consent Decree in Georgia requiring the state to produce its SVRL to the United States. A true and accurate copy of the Georgia Consent Decree is attached as Exhibit 10.

16.     In 2007, the United States entered into a Consent Decree with the State of Maine regarding HAVA compliance and list maintenance.  A true and correct copy of the Consent Decree in *United States v. Maine*, No. 1:06-cv-00086 (D. Me. Apr. 4, 2007) is attached as Exhibit 11.

17.     The United States entered similar agreements with the States of New Jersey and Indiana to enforce voter registration list maintenance. In New Jersey, paragraph five of the stipulated order required the HAVA identifiers to be provided and paragraph 14 required Defendants to retain voter registration and list maintenance records.  In Indiana, paragraph 8 of that Consent Decree required the State of Indiana to "retain voter registration and list maintenance records related to the terms of this agreement for the time periods provided by… [Section 20701]."

4

True and correct copies of these documents from *United States v. New Jersey*, No. 06-cv-4889 (D. NJ. Oct. 12, 2006) and *United States v. Indiana*, No. 1:06-cv-1000 (D. Ind. June 27, 2006) are provided as Exhibits 12 and 13.

18.    A true and accurate copy of cited excerpts from the report by the National Commission on Federal Election Reform (the Ford-Carter Commission), entitled "To Assure Pride and Confidence in the Electoral Process (Aug. 2001)," is attached as Exhibit 14.

19.    The United States has offered states an MOU memorializing these requirements. As of April 3, 2026, seventeen states have provided their SVRL including: fourteen states that have provided their SVRLs without any MOU, two states that have agreed to provide their SVRL under the terms of the MOU, and one state pursuant to a settlement agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Washington, D.C. on April 3, 2026.

/s/ Eric Neff
Eric Neff