IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *Plaintiff*, v. DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member, *Defendants*, MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS, *Intervenor-Defendant,* COMMON CAUSE, RUTH GOLDMAN, and CHRIS MELODY FIELDS, *Intervenor-Defendants.* | Civil Action No. 25-cv-4403 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans respectfully provides the Court notice of supplemental authority supporting its pending Motion to Dismiss. *See* Dkt. 59 (Mot. to Dismiss); Dkt. 59-1 (Mem. Supp. Mot. to Dismiss). On April 28, a federal district court in Arizona dismissed the Department of Justice's ("DOJ") parallel complaint seeking Arizona's unredacted statewide voter registration list. *See generally United States v. Fontes*, No. 2:26-cv-

1

00066-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026). DOJ's claim in *Fontes* is substantially identical to the Title III claim asserted by DOJ against the District here. The Arizona district court addressed multiple legal issues relevant to this appeal.

*First*, the court held that the Federal Rules of Civil Procedure govern actions instituted by the Attorney General under Title III of the CRA. *Id.* at \*1 (concluding the Federal Rules govern and applying Rule 12(b)(6)). Here, the Alliance argues the same. *See* Dkt. 59-1 at 15 n.6; *see also* Dkt. 60 (Resp. Opp. Mot. Order to Compel) at 8–10.

*Second*, the court held that DOJ failed to state a CRA claim because a State's voter registration list does not constitute a "document subject to request by the Attorney General" pursuant to Title III "based on the plain meaning of the text." *Fontes*, 2026 WL 1177244, at \*3–7 (citing *United States v. Benson*, No. 1:25-cv-1148, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026)). Specifically, the court held a statewide voter registration list does not "come into [the] possession" of State election officials, as that phrase is used in the CRA, because it refers to records and papers that election officials receive from external sources, like voters. *Id.* at \*3–5. The district court noted that a voter registration list is an internal record created by the State itself. *Id.* at \*4–5. The Alliance advances this argument as well. Dkt. 59-1 at 17–18; Dkt. 57 (Reply Supp. Mot. Dismiss) at 15 n.5. The court also explained that its interpretation was reinforced by the NVRA and HAVA. *See Fontes*, 2026 WL 1177244, at \*5; *see also* 52 U.S.C. § 21083(a)(2)(A).

Dated: April 30, 2026                    Respectfully submitted,

                                         */s/ Lalitha D. Madduri*

2

Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski* (NY 5946645)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

*Admitted *pro hac vice*.

*Counsel for Intervenor-Defendant the Maryland/DC Alliance for Retired Americans*

3