**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

               Plaintiff,

       v.

MONICA H. EVANS, *et al.*,

               Defendants.

Case No. 1:25-cv-04403-RDM

**UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITIES**
**(Dkt. 62 and, partially, Dkt. 54)**

The United States responds to the Statement of Supplemental Authority by Intervenor Maryland/DC Alliance for Retired Americans (Dkt. 62).

The United States also responds to supplemental authority that was included in the Reply Brief in Support of the Motion to Dismiss by Executive Director Evans (Dkt. 56). That Reply Brief included two new district court cases that were decided after the United States filed its Combined Response to all pending motions (Dkt 54).

The Intervenors provide notice of *United States v. Fontes*, Case No. 2:26-cv-00066 (D. Ariz. Apr. 28, 2026). In *Fontes*, the district court repeated the errors made in *United States v. Benson*, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal pending*, No. 26-1225 (6th Cir.), ruling that voter registration lists (VRLs) do not "come into … possession" of an election officer. The court compounded that error by reasoning that a "record" covered by 52 U.S.C. 20701 does not include a VRL because the NVRA and HAVA require VRLs to be constantly "altered," in supposed violation of 52 U.S.C. 20702. *Fontes* is wrong on both points, which have been

briefed in pending appeals before the Sixth Circuit, *see Benson*, No. 26-1225, and the Ninth Circuit, *see United States v. Oregon*, No. 26-1231, and *United States v. Weber*, No. 26-1232. First, when a word is undefined in a statute, courts "give the term its ordinary meaning." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 566 (2012). Secretaries of State "come[] into possession" of VRLs when they acquire them in the conduct of their official responsibilities, regardless of the information's source. *See Webster's New World Dictionary of the American Language*, 291, 1140 (8th coll. ed. 1960); Brief for the United States, *United States v. Benson*, No. 26-1225 (6th Cir.), Dkt. 25, 15-22.

Second, *Fontes's* distorted construction of § 20702 does not justify its misapplication of § 20701. Title III's prohibition on the willful alteration of records cannot apply to VRL maintenance. The surrounding verbs elucidate the meaning of "alter" in this provision. *Fischer v. United States*, 603 U.S. 480, 487 (2024). Those verbs all describe actions typically taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes. *Id.* at 489-90 (analyzing similar list of verbs). And the use of "willfully" in criminal statutes generally requires the defendant to act "with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 192 (1998). List maintenance is a statutory duty, not unlawful conduct.

Director Evans' Reply cites *United States v. Amore*, where the district court ruled that the Attorney General's written demand for Rhode Island's statewide voter registration list was legally insufficient under the CRA because it provided no "factual basis" suggesting Rhode Island may be violating the NVRA or HAVA. *See* Dkt. 56 at 9, citing *Amore*, 2026 WL 1040637, at *5 (D.R.I. Apr. 17, 2026). The court further held that, even if the Attorney General's demand had specified a factual basis, it would still be inadequate because the stated purpose for the demand —

enforcement of the NVRA's and HAVA's list maintenance requirements— is "unrelated to voting-related racial discrimination." *Id*. at *5-6.

*Amore* is incorrect. *First*, the court there repeated the errors committed by the district courts in California, Oregon, and Massachusetts by holding that the Attorney General must state a *factual* basis for the demand. And nothing in *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), which held that the "factual foundation for, or the sufficiency of," the basis "is not open to judicial review or ascertainment," suggests otherwise. At any rate, the United States provided a factual basis, that being the volume of inactive voter registrations and the unusually high registration rate of the citizen voting age population, in the District's 2024 EAVS data. *See* Dkt. 2-3 at 2. *Second*, nothing in the CRA's text "cabin[s] its application solely" to "voting-related racial discrimination." *Id.* at *5; *accord United States v. Benson*, 2026 WL 362789, at *8 (W.D. Mich. Feb. 10), *appeal docketed* No. 26-1225 (6th Cir. 2026).

Director Evans' Reply also cites *United States v. Galvin*, where the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20703, requires that the Attorney General's written demand for records must provide a "factual basis," not just a legal basis, to support a demand. *See* Dkt. 56 at 3, 4, 5, and 9, citing *Galvin*, No. 25-13816, 2026 WL 972129, at *3 (D. Mass. Apr. 9, 2026).

*Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222, the stated basis for the demand was merely that there was "information in the possession of the Attorney General tending to show that" the states were violating the law. *Id*. at 229 n. 6. Nevertheless, *Galvin* ruled that the Attorney General's written demand letters did not provide a factual basis that satisfied *Lynd*. *See Galvin*, at *4. The United States respectfully disagrees with *Galvin*'s overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a footnote that a similar

pair of demand letters "collectively put [the State] on notice of the basis and purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No. 25-1148, 2026 WL 362789, at *8, fn. 3 (W.D. Mich. Feb. 10, 2026), *appeal docketed* Feb. 27, 2026. If the Court is persuaded by *Galvin's* formalistic approach, the United States requests that the Court provide leave for the United States to send the Defendants a curing elaboration letter rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

Dated May 4, 2026,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Joseph W. Voiland
Joseph W. Voiland
Jake T. Bachand
Civil Rights Division
150 M Street
Washington, D.C. 20002
(202) 353-5318
joseph.voiland@usdoj.gov

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggesting the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).