**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MONICA H. EVANS, *et al.,*

        Defendants,

Case No. 1:25-cv-4403-RDM

---

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF UNITED STATES' MOTION TO COMPEL (Dkt. 2)**

---

The United States respectfully submits this Notice of Supplemental Authority in support of its Motion to Compel Records (Dkt. 2).

On May 12, 2026, the Department of Justice Office of Legal Counsel (OLC) published an opinion that is relevant to this matter. *See* Authority to Obtain and Share Statewide Voter Roll Data, 50 Op. O.L.C. ___ (May 12, 2026) (slip op., attached hereto as Ex. 1). In that opinion, OLC concluded that the Civil Rights Act (CRA) authorizes the Attorney General to compel States to produce unredacted statewide voter registration lists (SVRLs), and that once produced, the Department of Justice (DOJ) may share that data with components within the Department of Homeland Security (DHS). *See id.* at 6, 34. The CRA covers SVRLs because lists such as the SVRLs relate to voter registration and come into the possession of state election officers. *Id.* at 7. Analyzing dictionaries, case law, statutes, the CRA, and "common sense," OLC points out that "it is not unusual to say that one comes into possession of a thing that one created oneself;" "the phrase does not carry a requirement that the thing is received from a third party." *Id.* at 8-9. And

because "[t]he ordinary meaning of the term 'relating to,'" is "broad," *id.* at 7 (brackets in original; citation omitted), "[a] State's [SVRL] is perhaps the archetypical example of a 'record' that 'relat[es]' to voter 'registration.'" *Id.* (quoting 52 U.S.C. § 20701).

Additionally, OLC concludes that NVRA and HAVA enforcement is a proper purpose for a CRA request, both because the CRA's text does not limit requests to particular purposes and because the NVRA and HAVA are voting-rights legislation. *Id.* at 15-19. Any later-arising secondary purpose does not alter this conclusion. *Id.* at 20-21. The statement-of-basis requirement is also "fairly minimal." *Id.* at 21. As a whole, the purpose-and-basis requirement is satisfied when the Attorney General "tell[s] a state what he is looking for and a high-level explanation as to why." *Id.* at 23.

The OLC opinion also thoroughly explains the requirements of various federal privacy statutes and why they are satisfied here based on the DOJ Civil Rights Division's current rules and procedures. Each privacy statute contains an applicable exception, is already being complied with, or does not apply at all. *Id.* at 23-33. And because the Privacy Act contains exceptions for law enforcement and routine use, the Attorney General may share the SVRLs with appropriate components within DHS and remain in full compliance with that Act and other statutes related to data security and maintenance. *Id.* at 34-36.

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

2

/s/ Jake T. Bachand
JAKE T. BACHAND
D.C. BAR NO. 90028269
JOSEPH W. VOILAND
Trial Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street
Washington, D.C. 20002
Jake.bachand@usdoj.gov
Joseph.voiland@usdoj.gov
Tel. (202) 353-5318


Attorneys for the United States