**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her official capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member,<br><br>  *Defendants*. | Civil Action No. 25-4403 (RDM) |

<u>**INTERVENOR-DEFENDANTS COMMON CAUSE, RUTH GOLDMAN, AND CHRIS MELODY FIELDS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**</u>

Intervenor-Defendants Common Cause, Ruth Goldman, and Chris Melody Fields submit this response to Plaintiff's May 15, 2026 Notice of Supplemental Authority. *See* Dkt. No. 65.

Unable to find an actual court that agrees with them, lawyers from the Department of Justice cite a non-binding memorandum opinion from other lawyers at the Department of Justice claiming that the Department of Justice's legal arguments are correct. Even before the Supreme Court curtailed deference to federal agencies' legal interpretations, *see Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), it recognized that "[i]nterpretations such as those in opinion letters . . . which lack the force of law [] do not warrant *Chevron*-style deference," *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000). This memorandum opinion—which was not written contemporaneously but instead only *after* six federal courts dismissed Plaintiff's cookie-cutter lawsuits seeking states' and the District's unredacted voter files—amounts to nothing more than a self-serving and unauthorized surreply for which Plaintiff has not sought or been granted leave to

1

file. Indeed, the memorandum opinion essentially takes the form of a response brief, for example referring to "counterargument[s] we have seen" and then citing to motions filed by state defendants contesting Plaintiff's demand for their unredacted voter file. Dkt. No. 65-1 at 23 & n.22. The memorandum opinion states that its purpose is to "provide our best view of the law as to the Executive Branch," *id.* at 10 n.12; it is hard to understand how this is different from what Plaintiff's counsel has already done in this case.

The memorandum opinion offers nothing beyond a rehashing of arguments rejected by courts around the country. In arguing that Title III's basis and purpose requirements are not distinct, for example, the memorandum cites law review articles and unrelated judicial opinions, rather than the many courts that have recently and directly addressed this argument and held otherwise. *See id.* at 22-23. This Court can safely ignore this self-serving memorandum written by Plaintiff's counsel's colleagues that raises no new arguments and has no force of law.

DATED: May 18, 2026

Respectfully submitted,

Sarah Brannon (D.C. Bar No. 90024493)
Adriel I. Cepeda Derieux (D.C. Bar No. 90026636)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. NW
Washington, DC 20001
(347) 714-1530
sbannon@aclu.org
acepedaderieux@aclu.org

*/s/ Theresa J. Lee*
Ethan Herenstein*
Sophia Lin Lakin*
Theresa J. Lee*
Jonathan Topaz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
eherenstein@aclu.org
slakin@aclu.org
tlee@aclu.org
jtopaz@aclu.org

\* admitted *pro hac vice*

*Counsel for Intervenors*
*Common Cause, Ruth Goldman, and*
*Chris Melody Fields*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the

3

Court's ECF system on all counsel of record on May 18, 2026.

*/s/ Theresa J. Lee*
Theresa J. Lee
