IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member,<br><br>*Defendants*,<br><br>MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS,<br><br>*Intervenor-Defendant,*<br><br>COMMON CAUSE, RUTH GOLDMAN, and CHRIS MELODY FIELDS,<br><br>*Intervenor-Defendants.* | Civil Action No. 25-cv-4403 (RDM) |

**MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans responds to Plaintiff's Notice of Supplemental Authority regarding DOJ's Office of Legal Counsel ("OLC") opinion. *See* Dkt. 65.

The OLC opinion is effectively an unauthorized surreply in which one DOJ office opines that another office's litigation position is correct. The timing is revealing: Though DOJ sued the

1

District of Columbia on December 18, 2025, the OLC opinion is dated May 12, 2026—nearly a month after briefing concluded in this case and just days before oral arguments in Sixth and Ninth Circuit appeals from the dismissal of DOJ's parallel claims for other States' voter lists. And unlike a typical OLC opinion, this one explicitly concerns arguments advanced in active litigation. Dkt. 65-1 at, *e.g.*, 7 n.7, 8 n.9; *see also* Off. of Legal Couns., *Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 3 (July 16, 2010), https://perma.cc/2DWR-ALS7. Even setting aside the default rule that agency opinion letters are afforded no legal deference, *see Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), this legal brief dressed up as an OLC opinion should be given no weight.

On the merits, the OLC opinion adds nothing to help DOJ. It confirms that DOJ had no factual basis for its demand, conceding that DOJ's only "basis" was its "purpose" of investigating NVRA and HAVA compliance. *See* Dkt. 65-1 at 21–24. But that is not what "basis" means. OLC's bizarre argument that "the basis and the purpose" is a "legal doublet" like "aid and abet" is unsupported by any citation showing such usage anywhere else, nor any explanation for why Congress in 1960 would have coined a new doublet from a desire to "include[] both the French and Old English words" so that any Old English speakers could understand proceedings supposedly "conducted in Norman French." *Id.*

The OLC opinion also admits that DOJ's demands were made "[i]n response to the President's order to identify those who may be voting illegally," *id.* at 1, confirming that DOJ's demand letter did not accurately state "the purpose" of DOJ's request.

Dated: May 19, 2026                                    Respectfully submitted,

2

_/s/ Lalitha D. Madduri_
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski* (NY 5946645)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

*Admitted _pro hac vice_.

_Counsel for Intervenor-Defendant the
Maryland/DC Alliance for Retired Americans_

3