IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member, <br><br> *Defendants*, <br><br> MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS, <br><br> *Intervenor-Defendant,* <br><br> COMMON CAUSE, RUTH GOLDMAN, and CHRIS MELODY FIELDS, <br><br> *Intervenor-Defendants.* | Civil Action No. 25-cv-4403 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans respectfully provides

the Court notice of supplemental authority supporting its pending Motion to Dismiss, Dkt. 59; Dkt.

59-1, and Response in Opposition to Motion to Compel, Dkt. 60.

Today, two federal district courts dismissed DOJ's parallel suits seeking (respectively)

Maine and Wisconsin's unredacted Statewide voter registration lists (VRL). *See generally* Order,

1

*United States v. Bellows*, No. 1:25-cv-00468-LEW (D. Me. May 21, 2026), ECF No. 114 (attached hereto as Exhibit A); Op. and Order, *United States v. Wisconsin Elections Commission*, 25-cv-1036-jdp (W.D. Wis. May 21, 2026), ECF No. 89 ("*WEC*") (attached hereto as Exhibit B).

*Bellows* dismissed DOJ's complaint seeking Maine's unredacted VRL, holding it "is not a record that comes into the possession of state officials" under the CRA. Ex. A at 14. The court alternatively held that even if the CRA reached the VRL, assessing compliance with list maintenance was not a proper purpose under the CRA, in light of its context and the structure and text of the NVRA and HAVA, which "create a comprehensive scheme . . . for the enforcement of" their list maintenance requirements. *Id*. at 17. If DOJ "wants to enforce" those statutes, "it must use the pre-suit investigation and enforcement mechanisms that Congress provided in" them; the CRA does not authorize the compelled production of the unredacted VRL "so that [DOJ] might loom over the shoulder[s]" of States. *Id*. at 18. The Alliance advances these arguments. Dkt. 59-1 at 17–18 (making "come into possession" argument); Dkt. 57 at 15 n.5 (same); Dkt. 59-1 at 17–20 (making purpose argument).

*WEC* dismissed DOJ's complaint seeking Wisconsin's VRL, holding the CRA does not extend to such lists. *See* Ex. B at 7–10. The court rejected arguments DOJ advances here, including that the phrase "come into . . . possession" in the CRA creates a "temporal" distinction. Dkt. 54 at 28; *contra* Ex. B at 7. It observed that DOJ could not explain "what it means to 'retain' or 'preserve' a document like a voter registration list that is updated on a near-constant basis." Ex. B at 9.

2

Dated: May 21, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski* (NY 5946645)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

*Admitted *pro hac vice*.

*Counsel for Intervenor-Defendant the*
*Maryland/DC Alliance for Retired Americans*

3