# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

MONICA H. EVANS, *et al.*,

                Defendants.

Case No. 1:25-cv-04403-RDM

## UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
## (Dkt. 69)

The United States responds to the Notice of Supplemental Authority by Intervenor Maryland/DC Alliance for Retired Americans (Dkt. 69).

In *United States v. Bellows*, No. 1:25-CV-468, 2026 WL 1430481, at *7 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Comm'n (WEC)*, No. 25-CV-1036, 2026 WL 1430354, at *4 (W.D. Wis. May 21, 2026), district courts ruled that statewide voter registration lists (SVRLs) are not records that come into the possession of election officers because SVRLs are state-created. For the reasons the United States has briefed extensively, these courts incorrectly limited the phrase "come into his possession" to exclude self-generated documents. 52 U.S.C. § 20701; *see* Dkt. 54 at 20-24. The *WEC* court further conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at *4.

The *Bellows* court further held that Title III of the Civil Rights Act cannot be used to

enforce the NVRA and HAVA. 2026 WL 1430481, at *8. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents." *Id.* at *7. But "[t]o determine whether the Attorney General's purpose [wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Id.* The NVRA and HAVA in no way purported to abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose an extratextual limitation on Title III's purpose requirement. *See* Dkt. 54 at 12, 16-18.

Finally, the *WEC* court erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. § 20701 and the fact that SVRLs must be continuously updated. 2026 WL 1430354, at *5. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. *See* Dkt. 54 at 20-24; *Voter Reference Found., LLC v. Torrez,* 160 F.4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

Dated: May 28, 2026,                    Respectfully submitted,

                                        HARMEET K. DHILLON
                                        Assistant Attorney General

                                        JESUS A. OSETE
                                        Principal Deputy Assistant Attorney General
                                        Civil Rights Division

                                        ERIC V. NEFF
                                        Acting Chief, Voting Section

                                        /s/ Jake T. Bachand
                                        Jake T. Bachand; DC Bar #90028269
                                        Joseph W. Voiland
                                        Civil Rights Division
                                        150 M Street, 8th Floor
                                        Washington, D.C. 20002
                                        (202) 304-8146
                                        Jake.bachand@usdoj.gov