IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member,<br><br>*Defendants*,<br><br>MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS,<br><br>*Intervenor-Defendant,*<br><br>COMMON CAUSE, RUTH GOLDMAN, and CHRIS MELODY FIELDS,<br><br>*Intervenor-Defendants.* | Civil Action No. 25-cv-4403 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans respectfully provides the Court notice of supplemental authority supporting its pending Motion to Dismiss, Dkt. 59; Dkt. 59-1, and Response in Opposition to Motion to Compel, Dkt. 60.

A federal district court has dismissed DOJ's parallel suit seeking Maryland's unredacted statewide voter registration list. *See United States v. DeMarinis*, No. 1:25-cv-03934, 2026 WL

1

1780586 (D. Md. June 18, 2026). The Alliance is an intervenor-defendant in that case.

The court first held that, under *United States v. Powell*, 378 U.S. 48 (1964), the Federal Rules of Civil Procedure applied to the case because the Civil Rights Act contains no provision specifying a different procedure to invoke the district court's jurisdiction, *DeMarinis*, 2026 WL 1780586 at *3. The Alliance argues the same here. Dkt. 59-1 at 15 n.6; Dkt. 60 at 8–10.

The court then "join[ed]" four other federal courts in concluding that State voter registration lists do not constitute a record or paper that "come[s] into [the] possession" of the State and is subject to production pursuant to 52 U.S.C. § 20701. *See DeMarinis*, 2026 WL 1780586 at *4–5; *see also United States v. Bellows*, No. 1:25-cv-00468, 2026 WL 1340481 (D. Me. May 21, 2026), *appeal docketed*, No. 26-1676 (1st Cir. June 15, 2026); *United States v. Wis. Elections Comm'n*, No. 25-cv-1036, 2026 WL 1430354 (W.D. Wis. May 21, 2026), *appeal docketed*, No. 26-02217 (7th Cir. June 5, 2026); *United States v. Benson*, 819 F. Supp. 3d 753 (W.D. Mich. 2026), *argued*, No. 26-1225 (6th Cir. May 13, 2026); *United States v. Fontes*, No. 2:26-cv-66, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026), *appeal docketed*, No. 26-3609 (9th Cir. June 4, 2026). The Alliance advances this argument. *See* Dkt. 59-1 at 17–18; Dkt. 57 at 15 n.5. The court further reasoned that interpreting § 20701 to cover the voter registration list would conflict with 52 U.S.C. § 20702, which criminalizes the alteration of any record or paper covered under § 20701, and would produce the "absurd result" of criminalizing conduct required by HAVA and the NVRA. *DeMarinis*, 2026 WL 1780586, at *5.

Dated: June 23, 2026                    Respectfully submitted,

                                        */s/ Lalitha D. Madduri*

Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski* (DC 90045467)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

*Admitted *pro hac vice*.

*Counsel for Intervenor-Defendant the
Maryland/DC Alliance for Retired Americans*