IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *Plaintiff,* v. DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member, *Defendants,* MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS, *Intervenor-Defendant,* COMMON CAUSE, RUTH GOLDMAN, and CHRIS MELODY FIELDS, *Intervenor-Defendants.* | Civil Action No. 25-cv-4403 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans respectfully provides the Court notice of supplemental authority supporting its pending Motion to Dismiss, Dkt. 59.

The Sixth Circuit has affirmed the dismissal of DOJ's complaint demanding Michigan's voter list, on two alternative grounds. *United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026). First, the Sixth Circuit held that the list "is an internally generated

1

electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). *Id.* at *5; *see* Dkt. 59-1 at 17–18 (advancing this argument); Dkt. 57 at 15 n.5 (same). The court reached that conclusion by looking to dictionary definitions, ordinary usage, and statutory context. *Benson*, 2026 WL 1815425, at *4–6. The court explained that construing the CRA to cover voter lists would put the CRA "on a collision course with the NVRA and HAVA," because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at *5–6. The court also explained that reading the CRA to extend to all records *in* the possession of election officials would render the phrase "come into" superfluous. *Id.* at *6. And the court rejected many of the counterarguments DOJ advances here, such as its contention that the phrase "come into possession" creates a "temporal distinction." *Id.* at *6–8; *see, e.g.,* Dkt. 54 at 28.

Second, the Sixth Circuit alternatively held that, even if the CRA could reach a State's voter list, DOJ failed to state both the basis and the purpose for its demand in a single letter, as the CRA requires. *Benson*, 2026 WL 1815425, at *8. The Alliance has explained that the same deficiency exists in DOJ's claim here. *See* Dkt. 57 at 9–14.

Dated: June 25, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski* (DC 90045467)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

2

*Admitted *pro hac vice*.

*Counsel for Intervenor-Defendant the
Maryland/DC Alliance for Retired Americans*