IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member, <br><br> *Defendants*, <br><br> MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS, <br><br> *Intervenor-Defendant,* <br><br> COMMON CAUSE, RUTH GOLDMAN, and CHRIS MELODY FIELDS, <br><br> *Intervenor-Defendants.* | Civil Action No. 25-cv-4403 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans respectfully provides the Court notice of supplemental authority supporting its pending Motion to Dismiss, Dkt. 59. Two more federal district courts have dismissed DOJ's parallel suits seeking Pennsylvania's and New Hampshire's unredacted statewide voter registration lists ("SVRLs"). *See United States v. Schmidt*, No. 2:25-cv-01481-CB, --- F. Supp. 3d ---, 2026 WL 1850016 (W.D. Pa. June 27, 2026);

1

*United States v. Scanlan*, No. 25-cv-371-JL, 2026 WL 1864054 (D.N.H. June 29, 2026).

Both courts concluded that unredacted voter files are not records subject to production under Title III of the Civil Rights Act. *Schmidt*, 2026 WL 1850016, at *2; *Scanlan*, 2026 WL 1864054, at *4; *see* Dkt. 59-1 at 17–18 (advancing this argument); Dkt. 57 at 15 n.5 (same). In support of that conclusion, the district court in *Schmidt* observed that Section 20702 of Title III makes it a crime to "alter[]" or "destroy[]" records subject to production under Title III. 2026 WL 1850016, at *2. Because the NVRA and HAVA require "additions, subtraction and revisions" to SVRLs, the court held that "the government's reading does violence to Section 20702," and concluded that SVRLs therefore could not be records subject to production under Title III. *Id.* Likewise, the district court in *Scanlan* held that an SVRL does not "come into . . . possession" of State officials because it is a document that officials create, rather than receive, and that to "[r]ead[] § 20701 to encompass [the SVRL] would effectively require election officials to simultaneously preserve and modify the same record by creating a new, static version of the database with every single edit," which would be impracticable. *Scanlan*, 2026 WL 1864054, at *5.

Both courts also concluded that the government's demand did not contain an appropriate "statement of the basis and purpose therefor[]," as required by Title III. *Schmidt*, 2026 WL 1850016, at *2 (quoting *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at *8 (6th Cir. June 24, 2026)); *Scanlan*, 2026 WL 1864054, at *8. The same is true here. *See* Dkt. 57 at 9–14.

Dated: July 1, 2026                                   Respectfully submitted,

                                                      */s/ Lalitha D. Madduri*

Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski* (DC 90045467)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

*Admitted *pro hac vice*.

*Counsel for Intervenor-Defendant the*
*Maryland/DC Alliance for Retired Americans*