IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA BOARD OF
ELECTIONS; MONICA H. EVANS, in her
Official Capacity as Executive Director for the
District of Columbia Board of Elections;
GARY THOMPSON, in his official capacity
for the District of Columbia Board of
Elections as Chair and Member; and KARYN
GREENFIELD, in her official capacity for the
District of Columbia Board of Elections as
Member,

*Defendants*,

MARYLAND/DC ALLIANCE FOR
RETIRED AMERICANS,

*Intervenor-Defendant,*

COMMON CAUSE, RUTH GOLDMAN,
and CHRIS MELODY FIELDS,

*Intervenor-Defendants.*

Civil Action No. 25-cv-4403 (RDM)

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MARYLAND/DC
ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans respectfully provides

the Court notice of supplemental authority supporting its pending Motion to Dismiss, Dkt. 59, and

Response in Opposition to Motion to Compel, Dkt. 60. Two more federal district courts have

dismissed DOJ's parallel suits seeking unredacted statewide voter registration lists ("SVRLs"),

this time in New York and West Virginia. *See United States v. Bd. of Elections of N.Y.*, No. 25-cv-

1

1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026); *United States v. Warner*, No. 2:26-cv-00156, 2026 WL 2018877 (S.D.W. Va. July 13, 2026).

The New York court rejected DOJ's arguments that claims under the Civil Rights Act of 1960 ("CRA") are subject to special procedures and instead "appl[ied] the motion to dismiss standard as contemplated by the Federal Rules of Civil Procedure." *Bd. of Elections*, 2026 WL 1999921, at *5; *see* Dkt. 60 at 8-10 (advancing this argument). On the merits, the court held that New York's SVRL is not a "record" subject to production under the CRA because it is "created by state officials," and therefore does not "come into their possession." *Bd. of Elections*, 2026 WL 1999921, at *7-9 (citations omitted); Dkt. 59-1 at 17-18 (advancing this argument); Dkt. 57 at 15 n.5 (same).

The West Virginia court similarly applied the Federal Rules and dismissed DOJ's claim. *Warner*, 2026 WL 2018877 at *2-3. The court held DOJ's demand for the unredacted SVRL "fails to include a factual basis, as required by Title III," to support DOJ's assertion that West Virginia is "noncompliant with the list maintenance requirements of HAVA or the NVRA." *Id*. at *4. The court also held DOJ's stated purpose of evaluating West Virginia's list maintenance did not "fall within the bounds of Title III." *Id*. at *7. The Alliance argues DOJ's demand here is similarly deficient. Dkt. 59-1 at 13-21; *see also Bd. of Elections*, 2026 WL 1999921, at *8 (recognizing these deficiencies in DOJ's New York demand but dismissing on other grounds).

Dated: July 14, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski* (DC 90045467)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

*Attorney Kevin Kowalewski was originally admitted in this case *pro hac vice*. He is now admitted to practice in the United States District Court for the District of Columbia.

*Counsel for Intervenor-Defendant the Maryland/DC Alliance for Retired Americans*

3