IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA BOARD OF ELECTIONS; MONICA H. EVANS, in her Official Capacity as Executive Director for the District of Columbia Board of Elections; GARY THOMPSON, in his official capacity for the District of Columbia Board of Elections as Chair and Member; and KARYN GREENFIELD, in her official capacity for the District of Columbia Board of Elections as Member,<br><br>*Defendants*,<br><br>MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS,<br><br>*Intervenor-Defendant*,<br><br>COMMON CAUSE, RUTH GOLDMAN, and CHRIS MELODY FIELDS,<br><br>*Intervenor-Defendants.* | Civil Action No. 25-cv-4403 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant Maryland/DC Alliance for Retired Americans respectfully provides

the Court notice of supplemental authority supporting its pending Motion to Dismiss, Dkt. 59, and

Response in Opposition to Motion to Compel, Dkt. 60. Four additional federal courts—this time

in Kentucky, New Jersey, Illinois and Colorado—have dismissed DOJ's parallel suits seeking

unredacted statewide voter registration lists ("SVRL"). *See United States v. Adams*, No. 3:26-CV-

1

00019, 2026 WL 2123871 (E.D. Ky. July 23, 2026); *United States v. Caldwell*, No. 3:26-cv-2025, 2026 WL 2186515 (D.N.J. July 29, 2026); *United States v. Matthews*, No. 25-CV-3398, 2026 WL 2212877 (C.D. Ill. July 31, 2026); *United States v. Griswold,* No. 25-CV-03967-PAB-TPO, 2026 WL 2235374 (D. Colo. Aug. 3, 2026).

Each of these district courts first rejected DOJ's argument that Title III of the Civil Rights Act ("CRA") displaces the Federal Rules of Civil Procedure. *Adams*, 2026 WL 2123871, at *3-5; *Caldwell*, 2026 WL 2186515, at *6; *Matthews*, 2026 WL 2212877, at *2-3; *Griswold*, 2026 WL 2235374 at *3; *see* Dkt. 60 at 8-10 (advancing this argument).

All four courts then dismissed DOJ's claims because each SVRL at issue did not "come into" election officials' "possession," as those terms are used in the CRA, thus the SVRLs were not subject to production. *See Adams*, 2026 WL 2123871, at *4-5; *Caldwell*, 2026 WL 2186515, at *7; *Matthews*, 2026 WL 2212877 at *3; *Griswold*, 2026 WL 2235374 at *5; *see also* Dkt. 59-1 at 17-18 (advancing this argument); Dkt. 57 at 15 n.5 (same).

Three of the courts dismissed for additional reasons. The Kentucky court concluded DOJ "did not comply with its mandatory statutory obligation to submit a demand" stating "both the basis and purpose of its request." *Adams*, 2026 WL 2123871, at *6. The Illinois court held DOJ's "written demand" failed to "include both a sufficient basis and legitimate purpose for requesting the unredacted voter registration list." *Matthews*, 2026 WL 2212877 at *4. And the Colorado court likewise held that DOJ's demand "failed to provide a sufficient basis and purpose," *Griswold*, 2026 WL 2235374 at *4. The Alliance makes similar arguments here. *See, e.g.*, Dkt. 59-1 at 13-21.

Dated: August 5, 2026                          Respectfully submitted,

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Kevin R. Kowalewski (DC 90045467)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
lmadduri@elias.law
jshelly@elias.law
kkowalewski@elias.law

*Counsel for Intervenor-Defendant the Maryland/DC Alliance for Retired Americans*

3